# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JOHN DENNIS BAILLIE,

    Petitioner,

v.

WARDEN GLEN JOHNSON,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-99

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner John Baillie ("Baillie"), who is currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Bulloch County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 9, 10.) Baillie filed a Response. (Doc. 14.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Baillie's Petition without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Baillie *in forma pauperis* status on appeal and a Certificate of Appealability.

## **BACKGROUND**

On July 9, 2014, Baillie entered a non-negotiated Alford plea[1] to two counts of sexual exploitation of children in the Bulloch County Superior Court. (Doc. 11-1, p. 9.) Baillie was sentenced to serve a twenty year sentence in prison and another twenty years on probation, to be served consecutively. (Id. at p. 10.) Stephen Yekel, an attorney with the Georgia Public

---

[1] "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." N. Carolina v. Alford, 400 U.S. 25, 37 (1970).

Defender Standards Council, filed a Motion to Withdraw Guilty Plea on Baillie's behalf on August 11, 2014. (Doc. 11-2.) Baillie has not filed a direct appeal.

## DISCUSSION

In his Petition, which was executed on August 24, 2015, Baillie states his Motion to Withdraw Guilty Plea is still pending in the Bulloch County Superior Court, which is delaying his appellate rights and violates his right to due process. (Doc. 1, pp. 5, 7.) Baillie asserts his attorney has rendered ineffective assistance because his attorney is not communicating with him or doing anything to expedite the proceedings in the Bulloch County Superior Court. (Id.)

Respondent avers Baillie's Petition should be dismissed because he failed to exhaust his available remedies. Specifically, Respondent asserts Baillie's Bulloch County convictions are not "final" under state law or under federal habeas corpus law, as his Motion to Withdraw Guilty Plea is still pending in the trial court. (Doc. 10-1, p. 3.) According to Respondent, Baillie's Motion was filed timely in the Bulloch County Superior Court, and Georgia law provides an avenue of direct appeal from the denial of any such motion to withdraw. (Id.)

In his Response to the Motion to Dismiss, Baillie alleges he has no other avenue for relief, as his Motion to Withdraw has been pending for over seventeen months. (Doc. 14, p. 1.)

The Court now addresses the parties' contentions.

**I. Whether Baillie Exhausted his State Remedies**

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement that he seek relief from the courts within his state of conviction. That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v.

Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Baillie has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, there is no evidence that there is no available corrective process in the State of Georgia. Baillie has filed a Motion to Withdraw Guilty Plea with the Bulloch County Superior Court, which was filed on Baillie's behalf a year prior to the filing of this instant Petition. The Georgia court has yet to conduct a hearing on Baillie's Motion or otherwise issue an order on his Motion. There has not been an unreasonable amount of time elapsed since the time Baillie filed his Motion to Withdraw Guilty Plea and the date of this Report. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting that the exhaustion of state remedies may be excused in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief[ ]" but finding a three and one half year delay in the state courts insufficient to excuse exhaustion); cf. Cail v. Smith, CV605-41, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies).

However, should Baillie believe the Bulloch County Superior Court has delayed unreasonably in ruling on his Motion, Baillie also has available to him the ability to seek a writ

4

of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on his Motion. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Once Baillie's Motion to Withdraw Guilty Plea is resolved, he may file an appeal of any denial of his Motion in a Georgia appellate court.

Baillie failed to exhaust his available state remedies prior to filing this Petition, and his Petition should be dismissed, without prejudice. The Court should **GRANT** Respondent's Motion to Dismiss.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Baillie leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Baillie has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Baillie's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal

would not be taken in good faith. Thus, the Court should likewise **DENY** Baillie *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 10), **DISMISS** Baillie's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Baillie leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Baillie and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA